## COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

December 7, 2007

**By ECF**
Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Gibbs v. City of New York, et al.</u>, CV 06-5112 (ILG) (VVP)

Dear Judge Pohorelsky,

Plaintiff Barry Gibbs moves this Court pursuant to Fed. R. Civ. P. 36 and 37 for an order compelling defendants to provide sufficient responses to plaintiff's First Request for Admission ("Requests to Admit"). (Defendants' Responses to Request to Admit, attached as Ex. A.) Defendants' responses (1) fail to admit or deny the vast majority of plaintiff's requests without proper explanation or a good faith basis for doing so, and (2) are evasive, improperly qualified, and largely unresponsive to properly propounded requests. For example, defendants would not simply admit or deny the most basic facts about the Robertson investigation, such as Request 13, "On November 4, 1986 Detective Eppolito responded to the crime scene [as defined earlier in the Requests]." (Defendants' Supplemental Responses, attached as Ex. B, Response 13.) Defendants' refusals to admit or deny requests also improperly parrot the language of Rule 36, rather than, as the law requires, specifying with particularity the steps taken to make reasonable inquiry and assess the information readily available to them. For example, defendants stated without explanation they could not admit or deny that "[n]o forensic evidence linking Mr. Gibbs to the murder of Virginia Robertson was introduced at Mr. Gibbs trial," even after being directed to the criminal trial transcript during our meet and confer conference. (Ex. B, Response 46.)

**I. Background**

Plaintiff served defendants with Requests to Admit on or about July 2, 2007, and Defendants responded on August 3, 2007. After lengthy discussion in early August 2007 with prior counsel for defendants, plaintiff agreed to amend certain requests and defendants agreed to revisit the amended and certain other requests by August 23, 2007. Defendants did not respond

or request an extension by August 23, 2007. Instead, new counsel for the City requested and plaintiff provided, on September 28, 2007, a letter detailing the specific agreements with prior counsel concerning revisions to certain requests and responses. Defendants finally provided supplemental responses on November 7. With few exceptions, the responses simply added boilerplate objections[1] and further qualifications to already inadequate responses.

## II. Defendants' Responses Violate Rule 36

Requests for admission "serve[] two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first, to facilitate proof with respect to the issues that cannot be eliminated from the case, and, secondly, to narrow the issues by eliminating those that can be." See Fed. R. Civ. P. 36 Advisory Comm. Note to 1970 Amend; Burkbybile v. Mitsubishi Motors Corp., No. 04 C 4932, 2006 WL 3191541, at *1 (N.D. Ill. Oct. 17, 2006). "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936-37 (9th Cir. 1994). Where a party's response to a Rule 36 request is insufficient and/or improper, the Court, upon motion from the party which served the request, may order the answering party to provide a proper response, or may deem the matter admitted. Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1015–16 (2d Cir. 1988); Herrera v. Scully, 143 F.R.D. 545, 548–49 (S.D.N.Y. 1992).

### A. Failure to Admit or Deny Requests Concerning Readily Available Information

Defendants' responses to Requests 2–3, 7–8, 10, 16–19, 22–23, 25, 29, 35–37, 38, 45, 48–49, 51, and 74 (Ex. A), and revised responses to 11, 24, 26, 32, 33, 46, 47, 50, 52 (Ex. B), fail to satisfy the mandate of Rule 36 that "the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). "Intonation of the words of the Rule that the party has made a 'reasonable inquiry' is not determinative . . . . The party must in some way show that he has, in fact, made a 'reasonable inquiry' and that information 'readily available to him is insufficient to enable him to admit or deny the statement.'" Harris v. Oil Reclaiming Co., 190 F.R.D. 674, 679 (D. Kan. 1999) (citing Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246-47 (9th Cir. 1981)). Where facts can be verified through reasonable inquiry of sources within the defendants' control, an admission or denial is required. See Lamoureux v. Genesis Pharm. Serv.s, Inc., 226 F.R.D. 154, 163 (D. Conn. 2004) ("Adopting Socrates' "the only true wisdom is in knowing you know nothing," one could reasonably deny *all* requests for admission. Our system of discovery, understandably, does not permit such a practice.").

Defendants' boilerplate objections provide no "detail" or description of any inquiry, let alone a reasonable inquiry, and no suggestion that there is any objective basis to refuse to admit or deny. For example, in addition to Request 46 described above, defendants stated that they could not admit or deny requests merely seeking agreement as to the current contents of the NYPD's Robertson murder investigation file currently in the possession of both plaintiff and

---

[1] Plaintiff contends that any objections not raised in defendants' original responses are waived.

defendants (Ex. A, Requests 26 and 52), nor requests concerning the content of NYPD policies and procedures applicable in November 1986. (Ex. B, Requests 22, 50; Ex. A, Requests 27, 54.) Indeed, the City's and Fairchild's supplemental response to Request 35 *both* refuses to admit or deny that Fairchild transported Mitchell to the 63rd Precinct on November 14, 1986, *and* admits precisely that fact. (Ex. B, Request 35.) Such responses make clear that new counsel for defendants have not made a good faith effort to narrow disputed issues in this case, as required by Rule 36 and, as to some requests, as previously agreed to with prior counsel for the City.

### B. Defendants' Improperly Qualified Responses

Defendants' responses to Requests 4, 14–19, 28, and 34 (Ex. A), and their supplemental responses to Requests 5, 13, and 20–21 (Ex. B), each contain inappropriate qualifications, limiting each response to words contained in documents. The defendants' response that documents may simply "speak for themselves" is improper under Rule 36. Diederich v. Department of Army, 132 F.R.D. 614, 617 (S.D.N.Y.1990). Furthermore,"[t]hough qualification may be required where a request contains assertions which are only partially correct, a reviewing court should not permit a responding party to undermine the efficacy of the rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988); Walsh v. Connecticut Mutual Life Ins. Co., 26 F. Supp. 566, 573 (E.D.N.Y.1939).

Here, there is obviously no dispute about the existence of police reports or the words contained therein; plaintiff's requests seek to determine whether there is disagreement about the *validity* of specific statements contained in those reports. Yet defendants refuse, for example, to admit or deny that on November 4, 1986 Eppolito was present with Peter Mitchell at the 67th precinct Catch Unit, despite the fact that the fact is consistently documented in all available reports and trial testimony, and that according to reports Defendant Rango was also present. (Ex. B, Request 20.) Such qualifications defeat the purpose of Rule 36 in narrowing trial issues.

Finally, defendants incorrectly object that requests 63–64 are beyond the scope of this Court's rulings on July 2, 2007 and October 16, 2007. (Ex. B, Requests 63–64.) The Court did deny plaintiff's request for access to the complete investigative files concerning the murders for which Eppolito was subsequently convicted, but did so in the absence of a basis to believe that Eppolito's involvement was or should have been known Eppolito's supervisors. If in fact the NYPD conducted an internal investigation into an intelligence leak in Eppolito's precinct, the 63rd Precinct (where some of those murders were investigated), within months of the 1984 investigation into mob leaks by Eppolito, the link which the Court required would be shown.

Sincerely,

Nick Brustin (NB 0605)
Attorney for Plaintiff Barry Gibbs

cc: Hon. I. Leo Glasser (by first class mail)
All counsel (by ECF)