UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BARRY GIBBS,

                                   Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------------------ x

06 CV 5112 (ILG)(VVP)

**DEFENDANTS CITY, FAIRCHILD, RANGO, MULDOON, AND MARRA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS PURSUANT TO FRCP 36**

           Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants City of New York, James Fairchild, Louis Rango, John Muldoon and Anthony Marra (jointly referred to as "defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respond and object to Plaintiff's First Request for Admissions Pursuant to Federal Rules of Civil Procedure 36, dated July 2, 2007 as follows:

<u>**GENERAL STATEMENT AND GENERAL OBJECTIONS**</u>

           1.       By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

           2.       Defendants object to the requests to the extent that they demand information protected by the attorney-client or work product privileges, or information that constitutes material prepared for litigation purposes.

3.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

4.    Defendants object in the entirety to these requests to the extent that they seek to impose obligations upon defendants beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

5.    Defendants object to the requests on the grounds that they are premature, and reserve their right to supplement their response to each request with additional information if and when such information becomes available to defendants' counsel.  Defendants also reserve the right to object to the future disclosure of any such information.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Virginia Robertson was found dead on the side of the Belt Parkway prior to 8 a.m. on November 4, 1986.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Notwithstanding and without waiving any objections, defendants deny this request.

### REQUEST FOR ADMISSION NO. 2:

The first NYPD personnel to respond to the crime scene were from an NYPD Night Watch unit.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that reasonable inquiry

has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 3**

Detectives Lynch and Dorogoff of the United States Park Police were the first law enforcement personnel to discover the body later identified as Virginia Robertson.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 4**

The woman later identified as Virginia Robertson was pronounced dead at the crime scene at 2:30 p.m. on November 4, 1986.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that a woman identified as Virginia Robinson was pronounced dead at 2:30 P.M. on November 4, 1986.

**REQUEST FOR ADMISSION NO. 5**

On November 4, 1986 NYPD Detective Canderosi interviewed Peter Mitchell at the crime scene.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 5

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that Detective Canderozzi interviewed Mitchell at the scene on November 4, 1986.

## REQUEST FOR ADMISSION NO. 6

No report, notes, or other documentation of Canderosi's interview with Mitchell are in the Virginia Robertson file that is currently maintained by the NYPD and was produced to plaintiff by the City.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 6

Defendants object to this request on the grounds that it lacks evidentiary foundation, is vague and ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving any objections, defendants deny this request.

## REQUEST FOR ADMISSION NO. 7

No report, notes, or other documentation of Canderosi's interview with Mitchell were in the Virginia Robertson file prior to plaintiff's January 31, 1988 conviction nor provided to the Brooklyn District Attorney's office prior to plaintiffs January 31, 1988 conviction.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 7

Defendants object to this request on the grounds that it lacks evidentiary foundation, is vague, ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 8**:

NYPD Detective Ruggiero interviewed Peter Mitchell in the course of the Virginia Robertson investigation

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants object to this request on the grounds that it is vague and ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 9:**

No report, notes, or other documentation of Ruggiero's interview with Mitchell are in the Virginia Robertson file that is currently maintained by the NYPD and was produced to plaintiff by the City.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants object to this request on the grounds that it lacks evidentiary foundation, is vague and ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving any objections, defendants deny this request.

**REQUEST FOR ADMISSION NO. 10:**

No report, notes, or other documentation of Ruggiero's interview with Mitchell were in the Virginia Robertson file prior to plaintiffs January 31, 1988 conviction nor provided to the Brooklyn District Attorney's office prior to plaintiffs January 31, 1988 conviction.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendants object to this request on the grounds that it lacks evidentiary foundation, is vague, ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

## REQUEST FOR ADMISSION NO. 11

At the time of the Virginia Robertson investigation the NYPD required that if the interviews described in Requests 5 or 8 took place, they were to be documented and maintained in the case file.

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

## REQUEST FOR ADMISSION NO. 12:

When Eppolito was assigned the Virginia Robertson case an NYPD sergeant told him, in substance, "[S]he's only a nigger prostitute scuz. Don't even worry about it, she just sells her snatch. Take care of it and shitcan it in three days."

## OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Notwithstanding and without waiving any objections, to the extent this request is referring to any of the undersigned defendants, defendants deny this request, and to the extent that this request is referring to any other officer, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 13:**

On November 4, 1986 Detective Eppolito responded to the crime scene.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Eppolito responded to the crime scene.

**REQUEST FOR ADMISSION NO. 14:**

On November 4, 1986, at the crime scene, Detective Eppolito photographed the body later identified as Virginia Robertson.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Eppolito photographed the body later identified as Virginia Robertson.

**REQUEST FOR ADMISSION NO. 15:**

On November 4, 1986 Detective Eppolito spoke to Peter Mitchell at the crime scene.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Eppolito spoke to Peter Mitchell at the crime scene.

**REQUEST FOR ADMISSION NO. 16:**

On November 4, 1986 Detective Eppolito transported Peter Mitchell from the crime scene to the 63rd Precinct.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Mitchell was transported to the 63rd Precinct, but defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny the balance of this request.

**REQUEST FOR ADMISSION NO. 17:**

On November 4, 1986 Detective Eppolito interviewed Peter Mitchell at the 63rd Precinct stationhouse.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Eppolito interviewed Peter Mitchell, but defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny the balance of this request.

**REQUEST FOR ADMISSION NO. 18:**

On November 4, 1986 Detective Eppolito was present when ADA Tim Bakken interviewed Peter Mitchell at the 63rd Precinct stationhouse.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendants object to this request on the grounds that it is vague and ambiguous, and on the grounds that it is not relevant or reasonable calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, ADA Tim Bakken interviewed Peter Mitchell at the 63rd Precinct, but defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny the balance of this request.

**REQUEST FOR ADMISSION NO. 19:**

On November 4, 1986 Detective Eppolito took Peter Mitchell to the Catch Unit of the 67th Precinct.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendants object to this request on the grounds that it is vague and ambiguous, and on the grounds that it is not relevant or reasonable calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Mitchell was taken to the 67th Precinct Catch Unit, but defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny the balance of this request.

**REQUEST FOR ADMISSION NO. 20:**

On November 4, 1986 Detective Eppolito was present with Peter Mitchell in the Catch Unit of the 67th Precinct.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants object to this request on the grounds that it is vague and ambiguous, and on the grounds that it is not relevant or reasonable calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Eppolito was present with Mitchell in the Catch Unit of the 67th Precinct, but defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny the balance of this request.

**REQUEST FOR ADMISSION NO. 21:**

On November 4, 1986 Detective Eppolito was present while Peter Mitchell viewed photographs at the Catch Unit of the 67th Precinct.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants object to this request on the grounds that it is vague and ambiguous, and on the grounds that it is not relevant or reasonable calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that on November 4, 1986, Mitchell viewed photographs at the 67th Precinct Catch Unit, but defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny the balance of this request.

**REQUEST FOR ADMISSION NO. 22:**

On November 4, 1986 the NYPD Catch Unit procedures required that prior to a witness viewing photographs the witness's description of a suspect is given to the NYPD personnel who works in the Catch Unit, and based on that description the personnel selects photographs for the witness to view.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 23:**

On November 4, 1986, when Eppolito visited the Catch Unit with Mitchell, Eppolito did not use the process described in Request 22.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants object to this request on the grounds that it is vague and ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 24:**

On November 4, 1986, when Eppolito visited the Catch Unit with Mitchell, no suspect description was given to NYPD Catch Unit personnel, and Eppolito selected the photos that were shown to Mitchell.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants object to this request on the grounds that it is vague and ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 25:**

The only documentation that was created of Eppolito and Mitchell's November 4, 1986 visit to the Catch Unit is a DD5 report.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants object to this request on the grounds that it is vague and ambiguous, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 26:**

The only documentation contained in the Virginia Robertson file of Eppolito and Mitchell's November 4, 1986 visit to the Catch Unit is a DD5 report.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendants object to this request on the grounds that it is vague, ambiguous, not relevant nor reasonably calculated to lead to the discovery of admissible evidence and not within defendants' possession, custody or control. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 27:**

Based on the description contained in the DD5 report referenced in Request 25 and 26, the NYPD required that one or more additional documents be prepared in connection with the November 4, 1986 Catch Unit visit.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 28:**

On November 4, 1986, Detective Eppolito did a B.C.I. check of Peter Mitchell.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that Detective Eppolito conducted a B.C.I. check of Peter Mitchell on November 4, 1986.

**REQUEST FOR ADMISSION NO. 29:**

On November 4, 1986, one or more photographs of Barry Gibbs were in the possession of the NYPD Catch Unit.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 30:**

On November 4, 1987 Curtis Philips told Detective Eppolito, in substance, the following: Barry's a crazy man when he gets high.  Other girls complained that if they were at the house Barry would want to have sex with them and he would tie them up then during the sex play he would put a cord or rope around their necks and strangle them.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that Curtis Philips made such statements in substance to Detective Eppolito, among other things, but deny that the interview took place on November 4, 1987.

**REQUEST FOR ADMISSION NO. 31:**

On November 10, 1987 Rhonda Weber told Detective Eppolito, in substance, the following: Barry has a very bad drug habit.  He has already been on at least two different drug programs.  He's into kinky sex.  He likes bondage, he likes to tie their hands and feet.  He tries to force anal sex,  He tries to force me into it all the time,  He would try all the time to put a leather strap around my neck.  He said he only liked to tie me up, he did not like to get tied up.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects that Rhonda Weber made such statements in substance to Detective Eppolito, among other things, but deny that the interview took place on November 10, 1987.

**REQUEST FOR ADMISSION NO. 32:**

On November 10, 1986 Detective Eppolito sought and obtained a determination that he had probable cause to arrest Barry Gibbs.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendants object to this request on the grounds that it is vague and ambiguous, and is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 33:**

The statements set forth in Requests 30 and 31 were relied upon in the November 10, 1986 presentation of evidence for probable cause by Eppolito.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 34:**

On November 14, 1986 Detective Eppolito called Peter Mitchell on the telephone to request Mitchell's presence at a lineup identification procedure at the 63rd Precinct stationhouse.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendants object to this request on the grounds that it is vague and ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants admit that the paperwork reflects, in sum and substance, that on November 14, 1986, Detective Eppolito called the witness and informed him that a detective was being sent to his home to pick him up and that on the same date, he was going to view a line up.

**REQUEST FOR ADMISSION NO. 35:**

On November 14, 1986 Detective Fairchild picked up Peter Mitchell and brought him to the 63rd Precinct stationhouse.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 36:**

On November 14, 1986 Detective Eppolito searched for and selected fillers for a lineup in which Barry Gibbs stood.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 37:**

Three of the five fillers who stood in the lineup with Barry Gibbs on November 14, 1986 were police officers assigned to the 63rd Precinct who were on duty on November 4, 1986.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 38:**

On November 14, 1986, after Peter Mitchell's arrival at the 63rd Precinct stationhouse, Detective Eppolito brought Mitchell from the first floor to the second floor where ADA Bakken was located.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 39:**

On November 14, 1986, ADA Andrew Dember conducted the lineup identification procedure in which Peter Mitchell participated.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants deny this request.

**REQUEST FOR ADMISSION NO. 40:**

Peter Gentile never viewed Barry Gibbs in any identification procedure conducted in connection with the Virginia Robertson investigation at any point prior to his testimony at Mr. Gibbs's criminal trial.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry

has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 41:**

Peter Gentile never viewed any suspects in any identification procedure conducted in connection with the Virginia Robertson investigation at any point prior to his testimony in Mr. Gibbs's criminal trial.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 42:**

Prior to his viewing photographs at the Catch Unit, Peter Mitchell's description of the assailant, which was documented by NYPD personnel, did not include a puffy face.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 43:**

Prior to his viewing photographs at the Catch Unit, Peter Mitchell's description of the assailant, which was documented by NYPD personnel, did not include heavy cheeks.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Defendants refer plaintiff to their response to Request No. 42.

**REQUEST FOR ADMISSION NO. 44:**

Prior to his viewing photographs at the Catch Unit, Peter Mitchell's description of the assailant, which was documented by NYPD personnel, did not include a large nose.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Defendants refer plaintiff to their response to Request No. 42.

**REQUEST FOR ADMISSION NO. 45:**

The only direct evidence of Mr. Gibbs's participation in the murder of Virginia Robertson that was presented at Mr. Gibbs's criminal trial was the following: Peter Mitchell's in-court identification of Barry Gibbs as the man he saw disposing of Virginia Robertson's body on November 4, 1986; Peter Mitchell's November 14, 1986 lineup identification of Barry Gibbs as the man he saw disposing of Virginia Robertson's body on November 4, 1986; Henry Fogelman's testimony that Mr. Gibbs confessed to murdering Virginia Robertson.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry

has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 46:**

No forensic evidence linking Mr. Gibbs to the murder of Virginia Robertson was introduced at Mr. Gibbs's trial.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Defendants object to this request on the grounds that it is vague, ambiguous, it is conclusory and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 47:**

No forensic evidence linking Mr. Gibbs to the murder of Virginia Robertson was ever recovered by the NYPD.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Defendants object to this request on the grounds that it is vague, ambiguous, it is conclusory and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 48:**

Federal authorities discovered the original Virginia Robertson file in Louis Eppolito's Las Vegas home following his March 2005 arrest.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendants object to this request on the grounds that it is vague, ambiguous and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 49:**

Federal authorities discovered an additional, original NYPD homicide file in Louis Eppolito's home following his March 2005 arrest.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendants object to this request on the grounds that it is vague, ambiguous and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 50:**

In and prior to March 2005 the NYPD prohibited personnel or former personnel from retaining original investigative files their homes without authorization.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendants object to this request on the grounds that it is vague, ambiguous and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they are unable to respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 51:**

Following Louis Eppolito's March 2005 arrest, federal authorities discovered in his Las Vegas home original DD5 reports prepared by Eppolito in the course of the Virginia Robertson investigation

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendants refer plaintiff to their response to Document Request No. 48.

**REQUEST FOR ADMISSION NO. 52:**

The original DD5 reports described in Request 51 were not contained in the Virginia Robertson file that is currently maintained by the NYPD and was produced to plaintiff by the City, or provided to the Brooklyn District Attorney's office prior to plaintiffs January 31, 1988 conviction.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 53:**

The original DD5 reports described in Request 51 were not contained in the Virginia Robertson file prior to plaintiffs January 31, 1988 conviction.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Defendants refer plaintiff to their response to Request No. 52.

**REQUEST FOR ADMISSION NO. 54:**

In and prior to March 2005 the NYPD prohibited personnel or former personnel from retaining original DD5 reports.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, in response to Request No. 54, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 55:**

Between January 10, 1986 and February 10, 1986 Louis Eppolito was an accomplice to the murder of Israel Greenwald by posing as a police officer to abduct Greenwald and knowingly acting as a lookout while other individuals shot and killed Mr. Greenwald.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 56:**

On or about and between September 14, 1986 and October 31, 1986, Louis Eppolito aided and abetted the murder of James Hydell by abducting Hydell and delivering him to Anthony Casso knowing that Casso would kill Hydell.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 57:**

Between September and December 1986 Louis Eppolito facilitated the murder of Nicholas Guido by providing information to Burt Kaplan that aided others in killing Guido.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 58:**

Between 1987 and his retirement from the NYPD Louis Eppolito was paid $4,000 per month from Anthony Casso in exchange for providing confidential law enforcement information to Casso.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 59:**

On February 14,1987 Eppolito aided and abetted the murder of an unnamed individual by knowingly acting as a lookout while other individuals disposed of the body of the individual.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 60:**

In 1987 Eppolito obstructed justice by removing from the 63rd Precinct an audio tape obtained by the NYPD in the course of investigating the murder of John Otto Heidel.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 61:**

The NYPD investigation of the murder of John Otto Heidel was initially assigned to the 63rd Precinct.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they cannot admit or deny the request as propounded except admit that detectives from the 63rd precinct handled some aspects of the initial investigation.

**REQUEST FOR ADMISSION NO. 62:**

The NYPD investigation of the murder of John Otto Heidel was transferred from the 63rd Precinct to the 62nd Precinct due to concerns about leaks in the investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants deny this request.

**REQUEST FOR ADMISSION NO. 63:**

The NYPD conducted an internal investigation into whether NYPD personnel assigned to the 63rd Precinct were responsible for leaks in the John Otto Heidel investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendants object to this request on the grounds that it is vague, ambiguous, not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 64:**

The NYPD conducted an internal investigation into whether Louis Eppolito was responsible for leaks in the John Otto Heidel investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendants object to this request on the grounds that it is vague, ambiguous, not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 65:**

Between November 1987 and March 1988, Louis Eppolito obstructed justice by delivering to Burt Kaplan an official NYPD document that revealed that Peter Savino was a cooperating witness.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 66:**

Between March and October 1988 Louis Eppolito retaliated against and tampered with a witness by telling Burt Kaplan that Dominic Costa was an informant.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 67:**

Between February 1989 and February 1990 Louis Eppolito aided and abetted the

murder of Anthony Dilapi.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 68:**

Between February and August 1990 Louis Eppolito participated in the murder of Bruce Facciola by telling Burt Kaplan that Facciola was an informant, in a manner that was reckless to the risk that providing the information would lead to Facciola's death..

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 69:**

On November 6, 1990, Louis Eppolito aided and abetted the murder of Edward Lino by posing as a police officer and assisting in a fake traffic stop of Lino, with the intent that Lino be killed during the stop.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Defendants refer plaintiff to their response to Request No. 55.

**REQUEST FOR ADMISSION NO. 70:**

At the time of his NYPD Internal Affairs trial Louis Eppolito was the eleventh-most decorated officer in the history of the NYPD.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 71:**

Subsequent to his retirement and prior to the filing of the complaint in this case, the NYPD took no steps to investigate any of Louis Eppolito's investigative work in cases he handled as an NYPD detective.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 72:**

Subsequent to Louis Eppolito's retirement from the NYPD and prior to his indictment on RICO charges, the NYPD took no steps to investigate whether Louis Epptito's pension should be discontinued.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 73:**

Subsequent to Louis Eppolito's indictment on RICO charges, the NYPD took no steps to investigate whether Louis Eppolito's pension should be discontinued.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving any objections, defendants state that they cannot respond to this request as propounded.

**REQUEST FOR ADMISSION NO. 74**:

          Since Mr. Gibbs' conviction, the NYPD has taken no steps to reinvestigate the Robertson murder.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waving any objections, defendants state that a reasonable inquiry has been made and the information readily obtainable by defendants is insufficient to enable defendants to admit or deny this request.

**REQUEST FOR ADMISSION NO. 75:**

Since Mr. Eppolito's retirement, the NYPD has taken no investigative steps to determine whether Eppolito's misconduct caused innocent persons to be convicted in cases he investigated other than the Robertson investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Defendants object to this request on the grounds that it is vague, ambiguous, and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any objections, defendants state that they cannot respond to this request as propounded.

Dated:      New York, New York
            August 3, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the  City of New York
Attorney for Defendants
CITY OF NEW YORK, JAMES FAIRCHILD,
LOUIS RANGO, JOHN MULDOON and
ANTHONY MARRA
100 Church Street,
New York, New York 10007
(212) 788-8684

By: _____
    Seth D. Eichenholtz (SE3349)
    Brooke Birnbaum (BB8338)
    Barry K. Myrvold (BM6908)

TO:   Nick Brustin, Esq.
      Jennifer E. Laurin, Esq.
      Cochran Neufeld & Scheck, LLP
      *Attorneys for Plaintiff*
      99 Hudson Street, 8th Floor
      New York, New York 10013